IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOROTHY LA'SHAY WALLACE,          )
                                  )
          Petitioner,             )
                                  )
v.                                )          CIVIL ACTION NO. 09-00232-WS-N
                                  )
EDWARD ELLINGTON,                 )
                                  )
          Respondent.             )

REPORT AND RECOMMENDATION

This matter is before the Court on respondent's answer and motion to dismiss

(Doc. 19 ) filed October 16, 2009 wherein respondent sets forth, *inter alia*, that

petitioner's habeas corpus petition, filed on August 11, 2009 (Doc. 15), [1] is barred by the

one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1).  On October 22, 2009,

---

[1]  On April 1, 2009 petitioner filed a petition under 28 U.S.C. § 2254 in the United States
District Court for the Middle District of Alabama (Doc. 6 at 3-20).  The case was transferred to
this Court on April 27, 2009.  *See* Doc. 6 at 25-30.  By orders dated May 4 and July 31, 2009, the
court forwarded petitioner the habeas form required by this Court and advised the petitioner that,
if she intended to pursue a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, she
should complete the form and submit it to the court. (Docs. 8 and 14). Petitioner subsequently
completed a petition for writ of habeas corpus which reached this court on August 14, 2009.
(Doc. 15).  Although the petition bears a file stamped date of August 14, 2009, under the
"mailbox rule," the document is deemed filed on August 11, 2009, the date when the petition was
executed and presumably submitted to the prison authorities for mailing.  *See* Day v. Hall, 528
F.3d 1315, 1318 (11th Cir. 2008)("Under the mailbox rule, however, a prisoner's pleading is
considered filed on the date the prisoner delivers such to prison authorities for filing."), *citing*
Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301
(11th Cir.2001) ("[a]bsent evidence to the contrary in the form of prison logs or other records,
we will assume that [such a] motion was delivered to prison authorities the day ... signed");
Adams v. United States, 173 F.3d 1339, 1341 (11th Cir.1999) (under the "mailbox  rule," a pro
se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed,
executed, and delivered his petition to prison authorities for mailing)

the Court directed (doc.20) the Petitioner, Dorothy La'Shay Wallace ("Wallace"), to respond by November 18, 2009, and show cause why this case should not be dismissed for failure to comply with the statute of limitations requirement set forth in 28 U.S.C. § 2244(1). (Doc. 20). Wallace neither responded nor sought an extension of time within which to do so. The Court must therefore treat Respondent's motion as unopposed and, upon consideration of that motion, together with the record as a whole, the undersigned concludes and therefore **RECOMMENDS** that the motion to dismiss be **GRANTED**.

I.      BACKGROUND.

The record before the Court in this action reflects the following:

1.      On or about May 15, 2000, Wallace pleaded guilty in the Circuit Court of Mobile County, Alabama for the crime of murder. (Doc. 19-2 at 3, 13). That same day, Wallace was sentenced to a term of imprisonment of twenty years. (Doc. 19-2 at 3). Wallace did not appeal her conviction or sentence.

2.      On June 25, 2002, Wallace filed her first petition for post-conviction relief in the Circuit Court of Mobile County, Alabama.[2] (Respondent's Exhibit B at 6-21; Doc. 19-2 at 178-193). On March 10, 2003, the trial court denied the petition. (Respondent's Exhibit B at 1-4; Doc. 19-2 at 173-176). Wallace did not appeal from this order.

---

[2]Under Alabama law, a pro se inmate's petition for post-conviction relief is considered filed on the date it is given to prison officials for mailing. *See* Ex parte Allen, 825 So.2d 271, 272 (Ala. 2002). Accordingly, the dates of filing used by the Respondents for Wallace's first two petitions are the dates listed on the verification pages of Wallace's petitions (Respondent's Exhibit B at 13 and Exhibit C at 13; Doc. 19-2 at 185 and 210); the filing date used for Wallace's third petition is the date on which she stated the petition was being mailed (Respondent's Exhibit D at 11; Doc. 19-2 at 223).

3.       On February 11, 2004, Wallace filed her second petition for post-conviction relief .  (Respondent's Exhibit C at 4-14; Doc. 19-2 at 201-211).  On March 16, 2004, the trial court dismissed this petition.  (Respondent's Exhibit C at 2-3; Doc. 19-2 at 199-200). Wallace did not appeal from this order.

4.       On April 23, 2008, Wallace filed her third petition for post-conviction relief.  (Respondent's Exhibit D at 3-28; Doc. 19-2 at 215-240).  On August 5, 2008, the trial court dismissed this petition.  (Respondent's Exhibit D at 1; Doc. 19-2 at 213). Wallace did not appeal from this order.

5.       On August 11, 2009, Wallace filed the instant petition (Doc. 15). The Respondent filed its answer on October 16, 2009 (Doc. 19) arguing that the petition should be dismissed as untimely filed.

II.     <u>DISCUSSION</u>.

The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition.  28 U.S.C. § 2244(d)(1)(A).  Because Wallace did not appeal her conviction and the sentence imposed on May 15, 2000, the one year limitations period for filing a federal habeas petition began on the day upon which Wallace's time for seeking a direct appeal expired.  *See* 28 U.S.C. § 2244(d)(1)(A).  Wallace had only 42 days under Alabama law to file a direct appeal from her conviction and sentence which made her

deadline June 26, 2000.  Ala.R.App.P. 4(b)(1).  The record reflects that the one-year

limitations period for the filing of a federal habeas petition by Wallace would have

expired on June 26, 2001, unless otherwise tolled.

Although "the time during which a properly filed application for post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward" the limitations period, none of Wallace's post-conviction state

court petitions tolled the limitations period because each was filed long after the

expiration of the limitations period.  According to the record, Wallace's first Rule 32

petition was not filed until June 25, 2002, nearly one year after the limitations period

expired on June 26, 2001, and thus could not have tolled the running of the limitations

period because there was no time left to toll.  *See* Tinker v. Moore, 255 F.3d 1331, 1333

(11th Cir. 2001)("[A] state court petition . . . that is filed following the expiration of the

federal limitations period 'cannot toll that period because there is no period remaining to

be tolled'.")(internal citation omitted).

Although Wallace's petition could nevertheless be considered timely if she could

demonstrate that the limitations period had been equitably tolled, she has not raised that

defense in either her original § 2254 petition or in response to the pending motion to

dismiss, even though instructed by the Court in the following applicable principles.

"Equitable tolling can be applied to prevent the application of [the AEDPA] statutory

deadline when 'extraordinary circumstances' have worked to prevent an otherwise

diligent petitioner from timely filing [her] petition."  Holland v. Florida, 539 F.3d 1334,

1338 (11ᵗʰ Cir. 2008), *quoting* Helton v. Secretary for Dep't of Corrections, 259 F.3d

1310, 1312 (11ᵗʰ Cir. 2001). However, "[e]quitable tolling is a remedy that must be used

sparingly. . .; that is, in extreme cases where failure to invoke the principles of equity

would lead to unacceptably unjust outcomes." Downs v. McNeil, 520 F.3d 1311, 1318

(11ᵗʰ Cir. 2008)(internal citations omitted). . "To be entitled to equitable tolling,

[Wallace] must show '(1) that [she] has been pursuing [her] rights diligently, and (2) that

some extraordinary circumstance stood in [her] way' and prevented timely filing."

Lawrence v. Florida, 549 U.S. 327, 336 (2007), *quoting* Pace v. DiGuglielmo, 544 U.S.

408, 418 (2005); Holland, 539 F.3d at 1338. It is now well established that "equitable

tolling of the limitations period is warranted 'when a movant untimely files because of

extraordinary circumstances that are both beyond his control and unavoidable even with

diligence'." Downs, 520 F.3d at 1319, *quoting* Steed v. Head, 219 F.3d 1298, 1300 (11ᵗʰ

Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly

rests with the petitioner." Drew v. Dep't of Corrections, 297 F.3d 1278,1286 (11ᵗʰ Cir.

2002). As stated previously, Wallace has not asserted this defense or alleged facts from

which it could be inferred.[3]

In addition to equitable tolling, the Eleventh Circuit may recognize an "actual

---

[3]Equitable tolling is a remedy that is "limited to rare and exceptional circumstances, such as when a State's conduct prevents the petitioner from timely filing." Lawrence v. Florida, 421 F.3d 1221, 1226 (11ᵗʰ Cir. 2005), *aff'd* 549 U.S. 327 (2007). It appears that the Eleventh Circuit has used equitable tolling to extend AEDPA's limitations period in only two cases in which "the petitioners' untimely filing was caused by erroneous information supplied by state courts – not by egregious attorney misconduct." Downs, 520 F.3d at 1319, *citing* Spottsville v. Terry, 476 F.3d 1241, 1245 (11ᵗʰ Cir. 2007) and Knight v. Schofield, 292 F.3d 709, 711 (11ᵗʰ Cir. 2002).

innocence" exception to the AEDPA's one year statute of limitations.[4]  It is certainly clear

that several other circuits have recognized such an exception.  *See e.g.* Souter v. Jones,

395 F.3d 577, 602 (6th Cir. 2005)("[W]e hold that where an otherwise time-barred habeas

petitioner can demonstrate that it is more likely than not that no reasonable juror would

have found him guilty beyond a reasonable doubt, the petitioner should be allowed to

pass through the gateway and argue the merits of his underlying constitutional claims.");

Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002)("[A]ctual innocence, if it can be

shown, opens the gate to consideration of constitutional claims on their merits, claims that

would otherwise be procedurally barred.").  However, "in order to demonstrate actual

innocence in a post-conviction proceeding, a petitioner must first 'support [her]

allegations of constitutional error with reliable ***new evidence*** – whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that

***was not presented at trial***."  Rankin v. Culliver, — F.3d — , 2009 WL 577735, * 6 (S.D.

Ala. Mar. 5, 2009)(emphasis added), *quoting* Schlup v. Delo, 513 U.S. 298, 324 (1995).

"A petitioner must show that it is more likely than not that no reasonable juror would

have found petitioner guilty beyond a reasonable doubt." *Id.*, *quoting* Schlup, 513 U.S. at

327.   Although Wallace contends that it was an accident and she did not murder the

_____

[4]*Cf.* Taylor v. Secretary, Dep't of Corrections, 230 Fed. Appx. 944, 945 (11th Cir. 2007)(""[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."), and U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure timely to file his § 2255 motion."), *citing* Bousley v. United States, 523 U.S. 614, 622 (1998).

victim but was coerced into pleading guilty,[5] she neither specifically asserts her actual

innocence nor proffers any "new evidence" not previously provided at her guilty plea and

sentencing proceedings.

III.    Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that Respondent's

motion to dismiss be **GRANTED** and that this case be dismissed for failure to comply

with the statute of limitations requirement as set forth in 28 U.S.C. § 2244(1).

The instructions that follow the undersigned's signature contain important

information regarding objections to the report and recommendation of the Magistrate

Judge.

**Done** this 8th day of January 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.    **Objection**. Any party who objects to this recommendation or anything in it must, within
fourteen days of the date of service of this document, file specific written objections with the
clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything
in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate

---

[5]*See* Petition Under 28 U.S.C. § 2254 filed by Wallace in the United States District Court
for the Middle District of Alabama at p.6. (Doc. 6 at p. 7). In her petition filed in this Court
(doc. 15), Wallace challenges the validity of her plea and infers that she was merely present at
the scene of the crime but never asserts her actual innocence. (Doc. 15 at pp. 14-15).

judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      **Done** this 8th day of January 2010.

                    /s/ Katherine P. Nelson
                    UNITED STATES MAGISTRATE JUDGE